## COX *v.* THE STATE.

1. Where a witness has testified to a material fact, prior declarations of his which appear to be inconsistent with the facts related by him on the trial are competent for the purpose of impeachment.

2. The judge occupies the place of a trior in passing on a ground of a motion for a new trial based on an alleged expression of opinion or other misconduct on the part of a juror; and where evidence is submitted in support of this ground of the motion, and also to disprove the same and sustain the impartiality of the juror, a finding that the juror was competent will not be disturbed, unless the facts show an abuse of discretion.

3. The evidence relied on by the State was sufficient to show the defendant's connection with the crime committed.

Argued October 18,—Decided November 9, 1905.

Indictment for assault with intent to murder. Before Judge Reagan. Fayette superior court. September 2, 1905.

*J. W. Wise* and *A. O. Blalock,* for plaintiff in error.

*O. H. B. Bloodworth, solicitor-general,* contra.

EVANS, J.   Bob Cox and two others were jointly indicted for the offense of assault with intent to murder upon the person of one John T. Hewell Jr.   The defendants severed, and on the trial of Cox it appeared from the State's evidence that Hewell, while travelling at night in a buggy with a companion, was attacked by the accused and shot.   Hewell and his companion swore that the defendant did the shooting.   It occurred about eight o'clock at night, and the defendant was recognized by them.   He set up the defense of alibi, and offered several witnesses, among them M. G. Cox, in support of the same.   He was found guilty, and made a motion for a new trial, which was overruled, and he excepted.

1. One of the witnesses offered to prove the defense of alibi, M. G. Cox, a brother of the defendant, testified that the defendant was at his mother's house, some three and one half miles distant from the scene of the shooting, at about eight o'clock on the night the crime was committed.   This witness denied that he ever said in the presence of one Woolsey, in front of his father's house, during

the course of a quarrel with the defendant, that the defendant shot or shot at John Hewell, and ought to be in the chain-gang. Woolsey, a witness for the State, was permitted to testify that on that occasion M. G. Cox did say to Bob Cox: "You shot or shot at John Hewell, and you ought to be in the chain-gang." This testimony was objected to on the ground that it was immaterial and incompetent, because it was a mere declaration made by M. G. Cox in anger, and was inadmissible for any purpose. The court ruled that the evidence was competent to impeach the witness Cox; and error is assigned on this ruling, the defendant insisting that even if this evidence tended to impeach the witness, it was as to an immaterial fact. The purport of the testimony of M. G. Cox was that the defendant was three and a half miles away from the scene of the crime at the time of its commission. This was equivalent to an assertion by the witness that he had personal knowledge of facts which excluded the possibility of the defendant's guilt. That the witness, during a quarrel with the defendant and when not actuated by a desire to shield him from detection and punishment, charged him with having shot or shot at Hewell, was a circumstance wholly inconsistent with his testimony on the trial to the effect that the defendant could not have had any connection with the crime, because he was at the time of its commission in company with the witness at the home of his mother, several miles away. The accusation against the defendant made by his brother in anger indicated that he either knew or had some reason to believe that the defendant was one of the assailants of Hewell, and was irreconcilable with the testimony which the witness delivered on the stand, which, if true, showed conclusively that he knew positively that his brother was not one of these assailants. The testimony of the witness was exculpatory; his previous declaration was inculpatory; the two were in direct antagonism. What this witness swore bore directly upon one of the vital issues in the case, and the effort made to impeach him was, not to show that he had testified falsely concerning an immaterial matter, but to establish to the satisfaction of the jury that his testimony concerning that vital issue was not worthy of belief. 1 Gr. Ev. (16th ed.) §462a.

2. The fourth and fifth grounds of the amended motion for a new trial relate to the disqualification of one of the jurors empaneled to try the case, movant alleging that this juror had formed and ex-

pressed an opinion to the effect that the accused was guilty of the offense with which he was charged. Affidavits in support of these grounds of the motion were offered by the defendant, while the State submitted counter-affidavits tending to show that the juror was impartial and had neither formed nor expressed any opinion concerning the guilt of the accused. The court, after considering the conflicting evidence thus presented, announced the conclusion that the juror was competent, and overruled these special grounds of the motion. The evidence submitted in behalf of the State fully warranted this finding of fact. It has been expressly ruled that the judge occupies the position of a trior, in passing upon evidence submitted pro and con upon the question presented by a motion for a new trial in which complaint is made that one of the jurors was not impartial; and his finding that the juror was competent to serve will not be disturbed unless it appears that the discretion of the judge was manifestly abused. *Jones* v. *State,* 117 *Ga.* 710; *Vann* v. *State,* 83 *Ga.* 59-60, and cit.

3. The only disputed question in the case was that of identity; and the evidence on this subject being sufficient to show that the defendant was one of the persons guilty of the attempted assassination, and the judge being satisfied with the verdict returned by the jury, a new trial will not be ordered.

*Judgment affirmed. All the Justices concur, except Beck, J., disqualified.*